**Charles ROBERTSON, Appellant,**

v.

**E. E. HAYNES, Appellee.**

**No. 71–1713.**

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1972.

Decided May 5, 1972.

Charles Robertson, pro se.

John C. Danforth, Atty. Gen., and Kenneth M. Romines, Asst. Atty. Gen., Jefferson City, Mo., on brief for appellee.

Before VAN OOSTERHOUT, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

This is a timely pro se appeal by defendant Charles Robertson from an order

of the District Court (Judge Webster) denying his 28 U.S.C.A. § 2254 petition for habeas corpus, challenging the 1958 State court conviction by a jury on a charge of rape and the life sentence imposed thereon pursuant to the Missouri Habitual Criminal statute. A certificate of probable cause was issued by the trial court.

Defendant's conviction was affirmed. State v. Robertson, Mo., 328 S.W.2d 576. The affirmance was vacated by the Missouri Supreme Court because Robertson had not been represented by counsel on the original direct appeal. A delayed direct appeal was allowed and prosecuted.

Defendant had filed a motion pursuant to Missouri Rule 27.26, V.A.M.R., in the State trial court to set aside his conviction upon the ground that the identification procedures violated his constitutional rights. The State trial court, after conducting a full evidentiary hearing, denied the motion. Defendant took a timely appeal from such order. The Missouri Supreme Court consolidated this appeal with the delayed direct appeal from conviction. Defendant was represented by counsel on the appeal. The judgments appealed from were affirmed. State v. Robertson, Mo., 464 S.W.2d 15.

The facts surrounding the daylight rape charge are fully set out in the reported opinions of the Missouri Supreme Court and the unreported opinion of the federal trial court. No purpose will be served in detailing the facts here.

Defendant's habeas corpus attack in the appeal now before us is directed solely to asserted unconstitutional pretrial identification procedures. It is conceded that defendant has exhausted available state remedies. The trial court upon an examination of the state court records determined that the defendant had been afforded a full and fair evidentiary hearing upon the tainted identification issue, and upon the basis of the state court record determined in a detailed and well-considered memorandum opinion that there had been no violation of defendant's constitutional rights in connection with the identification procedures employed.

Defendant's 1958 conviction preceded United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and hence the rule of such cases excluding evidence tainted by a pretrial lineup without presence of counsel does not apply. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199.

Moreover, the trial court found the identification evidence was not tainted. Such finding is supported by substantial evidence and is not clearly erroneous.

In addition, there is included in Judge Webster's opinion the following:

"The record supports the conclusion that all of the witnesses had ample opportunity to observe the assailant and that their identifications of petitioner were based upon independent recollection. The court finds that petitioner failed to establish that under the totality of the circumstances police identification procedures were so unnecessarily suggestive and conducive to irreparable misidentification as to constitute a denial of due process of law."

Such finding is supported by substantial evidence and affords an independent basis for affirmance. See United States v. Cole, 8 Cir., 449 F.2d 194, 200; United States v. Long, 8 Cir., 449 F.2d 288, 302; United States v. Ranciglio, 8 Cir., 429 F.2d 228, 230–231.

The judgment dismissing the petition is affirmed.